39 F.3d 1166
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
SCOTLAND GUARD SERVICES, INC., Plaintiff, Appellant,
v.
PUERTO RICO ELECTRIC POWER AUTHORITY, Defendant, Appellee.
 No. 94-1364
 United States Court of Appeals,
First Circuit.
 Nov. 8, 1994
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Carmen C. Cerezo, U.S. District Judge ]
 Miriam Deborah Salwen Acosta with whom Woods & Woods was on brief for appellant.
 Lilliam Elisa Mendoza Toro on brief for appellee.
 D. Puerto Rico
 AFFIRMED.
 Before BOUDIN, Circuit Judge, ALDRICH, Senior Circuit Judge, and YOUNG,* District Judge.
 Per Curiam.
 
 
 1
 This action is before us on appeal from a decision of the United States District Court for the District of Puerto Rico affirming the bankruptcy court's finding that although PREPA owes Scotland Guard $42,859.77 representing (1) amounts it admits are owed, (2) amounts for which it provides no evidence of payment, and (3) unexplained deductions from payments for services rendered, it does not owe an additional $645,893.38 claimed by Scotland for deductions from the contract price that Scotland effectively accepted via cashing PREPA's checks or for expenditures incurred by Scotland due to an intervening enactment of a federal minimum wage. We affirm.
 
 
 2
 Scotland's first contention is that the district court incorrectly applied the doctrine of accord and satisfaction to its cashing of PREPA's checks in payment for services rendered. Scotland maintains that it accepted these checks as partial payment only, and continued to invoice PREPA for the unpaid amounts. PREPA points first to its contract with Scotland, which explicitly allowed deductions from the contract price where Scotland failed to comply with certain contract terms, then to the endorsements carried on its checks to Scotland which state that they are "in full payment of the account stated" on the accompanying voucher and "payee by this endorsement accepts it as such payment," in arguing that accord and satisfaction applies.
 
 
 3
 In H.R. Electroplating, Inc. v. Rodriguez, 114 D.P.R. 236 (1983), the court makes clear that a claim unliquidated, or involving a bona fide controversy, is satisfied upon acceptance by the creditor of a sum less than that it claims. If it is not agreeable to this resolution, it "has the duty of returning to the debtor the sum offered, ... [and] cannot take advantage of the offer ... in order, after receiving the same, to claim the balance." Id., at 244, quoting Lopez v. South P.R. Sugar Co., 62 P.R.R. 227, (1943) (emphasis in original).
 
 
 4
 The district court applied Puerto Rican law in determining that the requisites of the doctrine of accord and satisfaction had been met, absolving PREPA of the duty to pay the bulk of the sum Scotland claims is due.[2] Not only did Scotland cash PREPA's checks, but there is no evidence to suggest that it registered any objection to the amounts offered at the time. The checks and accompanying vouchers explicitly drew Scotland's attention to the fact that the payments included deductions from the contract price and why, that PREPA intended them to be in full payment, and that Scotland would signal their acceptance as such by endorsing and cashing the checks. It is not enough for Scotland to say, "Appellant obviously did not perceive PREPA's checks to be in total payments of debts when it continues issuing invoices to PREPA."
 
 
 5
 Scotland contends next that the doctrine of rebus sic sanctibus, or impossibility, should have been applied to its contract with PREPA to find that PREPA should absorb the cost increase that resulted from the enactment of a new federal minimum wage law. Puerto Rican law requires the modification of the terms of a contract when unforeseen circumstances render it "impossible for a party to comply with its duties." Medina & Medina v. Country Pride Foods, Ltd., 631 F.Supp. 293, 298 (D.P.R. 1986). This is an "extraordinary remedy to be applied only in extreme circumstances." Id. The new minimum wage law, which made the federal minimum wage mandatory for the first time in Puerto Rico, went into effect when approximately 10 months of Scotland's contract with PREPA remained. Not only did Scotland continue to perform, no evidence was presented to suggest that it made any objection or assertion of onerousness or impracticability at any time prior to the termination of the contract period. This falls far short of impossibility.
 
 
 6
 Affirmed.
 
 
 
 *
 Of the District of Massachusetts, sitting by designation
 
 
 [2]
 The bankruptcy court determined that $42,859.77 representing (1) amounts PREPA admits are owed, (2) amounts for which PREPA provided no evidence of payment, and (3) unexplained deductions by PREPA from payments for services rendered by Scotland were not covered by accord and satisfaction, and thus remained due and payable